IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HAMIK SAYADIAN,                :

    Plaintiff,              :

        v.                  :   Civil Action No. GLR-15-3339

FACEBOOK, INC.,                :

    Defendant.              :

## MEMORANDUM OPINION

On November 2, 2015, Plaintiff Hamik Sayadian, acting pro se, filed a Complaint (ECF No. 1) and a Motion to Proceed in Forma Pauperis (ECF No. 2).  Sayadian seeks $50,000,000 in damages, alleging Defendant Facebook, Inc. ("Facebook"), violated numerous unidentifiable sections of the United States Code and the Fourth Amendment to the United States Constitution when Facebook "hacked" Sayadian's cellular phone after Sayadian downloaded the Facebook mobile application.[1]  (ECF No. 1).  The Court, having reviewed the Complaint and Sayadian's Motion, finds no hearing necessary pursuant to Local Rule 105.6 (D.Md. 2014).  Because he appears indigent, Sayadian's Motion to Proceed in Forma Pauperis will be granted.  For the reasons that follow, however, Sayadian's Complaint will be dismissed.

---

[1] Sayadian also alleges negligent infliction of emotional distress. (See ECF No. 1).  Maryland courts, however, do "not recognize an independent tort for negligent infliction of emotional distress."  Miller v. Bristol-Myers Squibb Co., 121 F.Supp.2d 831, 839 (D.Md. 2000).

Because he seeks to proceed in forma pauperis, the Court must screen Sayadian's Complaint. See 28 U.S.C. § 1915(e)(2)(B) (2012); Michau v. Charleston Cty., S.C., 434 F.3d 725, 728 (4th Cir. 2006). As part of its screening process, the Court may consider whether the Complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

The standard for determining whether a plaintiff has failed to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as the standard for reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). Accordingly, Sayadian's Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [will] not suffice." Id. (citing Twombly, 550 U.S. at 555).

Although Sayadian is not required to forecast evidence to prove the elements of his claims, his Complaint must allege sufficient facts to establish each element. Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md.2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom., Goss v. Bank of Am., NA, 546 F.App'x 165 (4th Cir. 2013).

2

Additionally, Sayadian's allegations must give Facebook fair notice of what Sayadian's claims are and the grounds upon which they rest. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

Pro se pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  Nonetheless, "[w]hile pro se complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" Weller v. Dep't of Soc. Servs. for Balt., 901 F.2d 387, 391 (4th Cir. 1990) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985)).  Further, "[t]he Court cannot act as a pro se litigant's 'advocate and develop, sua sponte, statutory and constitutional claims' that the litigant failed to raise on the face of the complaint." Branch v. Machen, No. 3:14CV708, 2014 WL 6685497, at *2 (E.D.Va. Nov. 25, 2014) (quoting Newkirk v. Circuit Court of Hampton, No. 3:14cv372-HEH, 2014 WL 4072212, at *1 (E.D.Va. Aug. 14, 2014)).

Even affording Sayadian's Complaint the most liberal construction, the Court finds that it fails to state a claim on which relief may be granted.  Sayadian's Complaint consists of

3

nothing more than a threadbare recitation of the elements of his causes of action that is completely devoid of factual enhancement.  What is more, because he fails to identify the title numbers for the various sections of the United States Code he alleges Facebook violated, Facebook would not have notice of the precise nature of the majority of Sayadian's claims.  Accordingly, Sayadian's Complaint will be dismissed.

For the foregoing reasons, Sayadian's Motion to Proceed in Forma Pauperis (ECF No. 2) is GRANTED and his Complaint (ECF No. 1) is DISMISSED.  A separate Order follows.

Entered this 15th day of January, 2016

/s/
_____
George L. Russell, III
United States District Judge